UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOEL YULO,

                            :

           Plaintiff,                    **COMPLAINT**

                            :

        -vs-                      Plaintiff Demands a Jury

                            :

METZ ZUTTO RAMEN INC. d/b/a Zutto Japanese
American Pub, GERMAN H. METZ, YVONNE     :
METZ, and LEO DOE,

                            :

           Defendants.
-------------------------------------------------------------X

       Plaintiff JOEL YULO, as and for his complaint against the defendants, alleges as follows:

       1.      This is an action for damages and other relief for failure to pay regular and overtime wages, illegal retention of customer tips, and other violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*., and the New York State Labor Law, N.Y. Lab. L. §§ 190, *et seq.*, and for age discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101, *et seq.*

### Jurisdiction and Venue

       1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal law claims.

       2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

3.      Plaintiff JOEL YULO is over the age of 40.  He is a resident of Queens County, New York.

4.      Defendant METZ ZUTTO RAMEN INC. d/b/a Zutto Japanese American Pub ("Zutto") is a corporation organized under the laws of the State of New York with a principal place of business at 77 Hudson Street, New York, New York 10013.  At all times relevant to this complaint, Zutto was plaintiff's employer.

5.      Defendant GERMAN H. METZ ("German") was plaintiff's employer and manager.  At all times relevant to this complaint, German had and exercised authority to make personnel decisions affecting plaintiff, including authority to hire, fire, and establish the wages of plaintiff.  Upon information and belief, German is an owner of Zutto.

6.      Defendant YVONNE METZ ("Yvonne") was plaintiff's employer and manager. At all times relevant to this complaint, Yvonne had and exercised authority to make personnel decisions affecting plaintiff, including authority to hire, fire, and establish the wages of plaintiff. Upon information and belief, Yvonne is an owner of Zutto.

7.      Defendant LEO DOE ("Leo") is a pseudonym for an individual with the first name Leo.  At all times relevant to this complaint, Leo was plaintiff's employer with authority to make personnel decisions affecting plaintiff, including authority to hire, fire, and establish the wages of plaintiff.  Upon information and belief, Leo is an owner of Zutto.

## Facts Relevant to All Claims

8.      Plaintiff worked as a waiter, server, and floor manager at the Zutto restaurant for approximately seven years.  For approximately five of those years, plaintiff worked directly for Angelo Cosentini, the owner of the restaurant and the building where it is located.

2

9.      On or about June 4, 2018, Mr Cosentini closed the restaurant.

10.     Defendants purchased the Zutto restaurant from a corporate entity owned and controlled by Mr. Cosentini.

11.     Defendants asked plaintiff to assist them in negotiating lease terms with Mr. Cosentini, recruiting former and new workers for the restaurant, and obtaining the permits and licenses necessary to operate the restaurant.  Defendants agreed to pay plaintiff for his assistance.

12.     Plaintiff spent substantial time and effort assisting defendants in successful lease negotiations, staffing the restaurant, and obtaining the necessary licenses and permits.

13.     Defendants did not pay plaintiff for his time and effort in these matters.

14.     Defendants reopened the Zutto restaurant in or about the end of June 2018.

15.     Defendants assigned plaintiff work as a waiter, server, bartender, floor manager, and delivery coordinator.

16.     Between June 2018 and September 2019, defendants paid plaintiff a flat rate of $1,100 for a 40 hour week, plus his share of customer tips.

17.     Defendants paid plaintiff an effective wage rate of $27.50 per hour.

18.     Plaintiff's regular work schedule was from 11:00 a.m. to past 10:00 p.m. on Mondays and Wednesdays, from 11:00 a.m. to 4:30 p.m. on Tuesdays, from 4:30 p.m. to past 10:00 p.m. on Thursdays, and from 4:30 p.m. to past 11:00 p.m. on Fridays and Saturdays.

19.     Plaintiff regularly worked more than 40 hours during most workweeks, including during each week between July 28, 2018 and September 26, 2019.

20.     Defendants did not pay plaintiff one and one-half times his hourly rate when he worked more than 40 hours during a workweek.

21.     Defendants retained 10% of the tips customers left for plaintiff.

22.     In or about July 2018, defendants started to replace older workers with less experienced younger workers.

23.     In or about September 2019, plaintiff was asked to meet with defendants German, Yvonne, and Leo.

24.     Defendants told plaintiff that he was being demoted because the restaurant was downsizing.

25.     The defendants' stated reason for the demotion was not true.

26.     Shortly before and after defendants demoted plaintiff, they hired younger workers to perform many of the same tasks plaintiff had performed.

27.     After his demotion, defendants paid plaintiff only $10.00 per hour plus tips.

28.     The hourly wage rate defendants paid to plaintiff was less than the tipped minimum wage.

29.     Defendants continued to retain 10% of the tips customers left for plaintiff.

30.     Defendants reduced the number of hours in plaintiff's regular work schedule.

31.     After the demotion, plaintiff's regular work schedule was from 12:00 p.m. to past 10:00 p.m. on Mondays, from 11:00 a.m. to 4:30 p.m. on Tuesdays, from 11:00 a.m. to past 10:00 p.m. on Wednesdays, from 4:30 p.m. to past 10:00 p.m. on Thursdays, and from 4:30 p.m. to past 11:00 p.m. on Fridays and Saturdays.

32.     On or about October 19, 2019, plaintiff was hospitalized with an intestine infection.

33.     Plaintiff promptly notified defendants that he was sick.

34.     Plaintiff missed six days of work due to his medical condition.

35.     When plaintiff was ready to return to work, defendants terminated his employment.

36.     Defendants did not pay plaintiff for his sick days.

**First Claim for Relief**
**Against All Defendants for**
**Violations of the Fair Labor Standards Act**

37.     Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

38.     Defendants have regulated the employment of plaintiff and other persons employed by them, acted directly and indirectly in their own interest in relation to the employees, and are thus employers of their employees within the meaning of section 3(d) of the Fair Labor Standards Act ("FLSA").

39.     The individual defendants at all relevant times were in active control and management of the corporate defendant, regulated the employment of plaintiff and other persons employed by the corporate defendant, acted directly and indirectly in the interests of themselves and the corporate defendant in relation to the employees, and thus are employers of the defendants' employees within the meaning of section 3(d) of the FLSA.

40.     The business activities of the defendants, as described in this complaint, were related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

41.     Defendants have employed employees at their place of business in activities of an enterprise engaged in commerce.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore plaintiff was at all relevant

times employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the FLSA.

42.    Defendants willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiff in an enterprise engaged in commerce without paying him the proper minimum wage for all hours worked.

43.    Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiff in an enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the FLSA, and without compensating him for his employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which he was employed.

44.    Defendants are liable for unpaid minimum wage and overtime compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid minimum wage and overtime compensation together with prejudgment interest on said unpaid minimum wage and overtime compensation.

**Second Claim for Relief**
**Against All Defendants for Violations of**
**the New York State Labor Law**

45.    Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

46.    Defendants' failure to pay plaintiff the proper minimum and overtime wages for all hours worked violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

47.    Defendants failed to pay plaintiff for a spread of hours.

48.    Defendants' failure to pay plaintiff the proper spread of hours pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

49.     Defendants' failure to pay plaintiff the proper minimum, overtime, and spread of hours compensation was intentional.

50.     Defendants are liable for minimum, overtime, and spread of hours compensation, together with liquidated damages or, in the event liquidated damages are not awarded, defendants are liable for unpaid minimum, overtime, and spread of hours compensation together with prejudgment interest at the statutory rate of 9% on said unpaid compensation

### Third Claim for Relief
### Against All Defendants for Age Discrimination
### in Violation of the New York State Human Rights Law

51.     Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

52.     At all times relevant to this complaint, plaintiff was over the age of 40.

53.     At all times relevant to this complaint, plaintiff was fully qualified for his position, performed his duties satisfactorily, and was in a position to continue doing so.

54.     Defendants took adverse employment actions against plaintiff, including by demoting him, reducing his compensation rate, reducing his hours, and terminating his employment.

55.     Defendants took adverse employment actions against plaintiff because of his age.

56.     The stated reasons for defendants' conduct were not the true reasons, but instead were pretext to hide defendants' discriminatory animus.

57.     Plaintiff suffered damages as a direct and proximate result of defendants' illegal conduct.

58.     Defendants' conduct constitutes age discrimination in violation of the New York State Human Rights Law.

7

**Fourth Claim for Relief**
**Against All Defendants for Age Discrimination**
**in Violation of the New York City Human Rights Law**

59.     Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

60.     Defendants' conduct constitutes age discrimination in violation of the New York City Human Rights Law.

**Jury Demand**

61.     Plaintiff is entitled to and demands a jury trial.

**Prayer for Relief**

WHEREFORE plaintiff Joel Yulo requests judgment against each defendant, jointly and severally, awarding him compensatory and punitive damages in amounts to be determined at trial, liquidated damages for unpaid wages, pre- and post-judgment interest, reasonable attorneys' fees, expert fees, and the costs of this action, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      November 5, 2019

THE HOWLEY LAW FIRM P.C.

By: _____
          John J.P. Howley
      *Attorneys for Plaintiff*
      350 Fifth Avenue, 59th Floor
      New York, New York  10118
      (212) 601-2728

8