# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Joel Yulo, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff"), on the one hand, and Metz Zutto Ramen Inc. d/b/a Zutto Japanese American Pub (hereinafter referred to as "Zutto" or the "Company") and German H. Metz (hereinafter referred to as "Defendant Metz"), on the other hand.

**WHEREAS**, on or about November 5, 2019, Plaintiff commenced an action (the "Action") against the Defendants in the United States District Court for the Southern District of New York, Civil Action Case No. 19-CV-10290 (VEC), alleging, among other things, that Zutto, German H. Metz, Yiluan Yin (sued incorrectly as "Yvonne Metz"), and Leo Lai (sued incorrectly as "Leo Doe") (collectively referred to the "Defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime and provide statutory notices, and violated the New York State Human Rights Law and New York City Human Rights Law by engaging in age discrimination;

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendants and the Plaintiff desire to resolve disagreements between them, including some of those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound and incorporating the above recitals, and for good and valuable consideration, the sufficiency and receipt of which the parties acknowledge, the parties agree as follows:

1. **Consideration**: In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff had, has or may have against the Defendants, including, but not limited to, those FLSA and NYLL wage-and-hour claims raised in the Action, and in consideration for the promises and obligations set forth herein, including, but not limited to, the release by Plaintiff set forth in Paragraph 3, Zutto and Defendant Metz shall pay to Plaintiff and his counsel the total sum of Three Thousand Eight Hundred Eight Dollars and Twenty-Six Cents ($3,808.26) (hereinafter, the "Settlement Amount") as follows:

    a. **Settlement Payment.**

    (i) Zutto and Defendant Metz will issue payments made payable to "Joel Yulo" in the total amount of One Thousand Two Hundred Seventy-Eight Dollars and Ten Cents ($1,278.10), less applicable tax withholdings and deductions required by law, representing payment for any and all alleged unpaid overtime and other wages under the FLSA and NYLL, for which Zutto will issue an IRS Form W-2;

    (ii) Zutto and Defendant Metz will issue payments made payable to "Joel Yulo" in the total amount of One Thousand Two Hundred Seventy-Eight Dollars and Ten

Cents ($1,278.10), from which no taxes or deductions will be withheld, representing payment for alleged liquidated damages, penalties and prejudgment interest, for which Zutto will issue an IRS Form 1099-MISC; and

    (iii) Zutto and Defendant Metz will issue payments made payable to "John Howley, Esq." in the amount of One Thousand Two Hundred Fifty-Two Dollars and Six Cents ($1,252.06), from which no taxes or deductions will be withheld, representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by The Howley Law Firm P.C. and/or any other law firm or attorney, for which Zutto will issue IRS Forms 1099.

 (b) **Execution of Agreement and Stipulation and Order of Dismissal:**

    (i) Pursuant to Paragraph 6 below, upon execution of this Agreement, the parties agree to immediately execute the "Stipulation and Order of Dismissal with Prejudice," in the form annexed hereto as Exhibit 2, which will be provided to the Court along with the Joint Letter Motion for Approval of the Settlement Agreement. The initial installment settlement payment set forth in Exhibit 1 will be made within thirty (30) days of the occurrence of the last in time of the following events: (i) receipt by counsel for Defendants of an original of this Agreement executed by Plaintiff; (ii) receipt by counsel for Defendants from Plaintiff of completed IRS Forms W-4 and W-9, together with a completed IRS Form W-9 from Plaintiff's counsel, John Howley, Esq.; (iii) the Court's endorsement of the "Stipulation and Order of Dismissal with Prejudice" or otherwise the Court's approval of this Agreement; and (iv) the Court's dismissal of the Action with prejudice or direction to the Clerk of the Court to close the Action. All of the aforementioned occurrences are express, material conditions precedent to payment of the Settlement Amount to Plaintiff, and all must take place prior to the payment of the Settlement Amount to Plaintiff. No payment of the Settlement Amount shall be paid absent satisfaction of these conditions precedent.

    (ii) Zutto and Defendant Metz will make a second installment payment as set forth in Exhibit 1 after the first installment settlement payment has been made.

    (iii) All settlement payments set forth in Exhibit 1 shall be delivered or couriered to Plaintiff's Counsel of Record in the Action, John Howley, Esq., The Howley Law Firm, P.C., 350 Fifth Ave., 59th Floor, New York, NY 10118.

    (iv) Plaintiff agrees and affirms that the Settlement Amount described in Paragraph 1 is an amount in addition to anything of value to which Plaintiff already is entitled, and is good and valuable consideration for his acceptance of this Agreement.

 (c) **Delivery of Settlement Payments To Plaintiff and His Counsel:**

    (i) As set forth in Exhibit 1, the initial installment settlement payment will be delivered or couriered to Plaintiff's Counsel of Record in the Action. Following the initial installment settlement payment, Defendants shall make one (1) further installment payment as set forth in Exhibit 1 (for a total of two (2) payments altogether).

 2. **Full Payment**: Plaintiff agrees and affirms that the Settlement Amount described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to

Plaintiff and Plaintiff's legal counsel in connection with the FLSA and NYLL claims in the Action. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law and violations of any wage notice statutes. Plaintiff agrees that the Settlement Amount is inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3. **Release of Wage and Hour Claims by Plaintiff:** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agrees unconditionally to release and discharge the Defendants (including individual defendants German H. Metz, Yiluan Yin (sued incorrectly as "Yvonne Metz"), and Leo Lai (sued incorrectly as "Leo Doe")) and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, and/or any federal, state or local wage statute, regulation, government wage order, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of Plaintiff's execution of this Agreement. Plaintiff agrees that any person acting by, through or under him, such as his spouse, heirs, executors, administrators, representatives, and assigns, are also bound by his release of claims. He agrees that he is releasing the claims set forth in this Paragraph, whether or not they are known to him at the time he signs this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, failure to provide statutory notices, failure to provide accurate pay stubs, travel time, spread of hours pay, tips, uniforms, call-in pay, bonuses, expenses, reimbursements and gratuities during Plaintiff's employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action.

4. **Covenant Not to Sue**: Except as provided in Paragraph 5 of this Agreement, Plaintiff covenants and agrees not to file a lawsuit or commence any other legal proceeding against the Releasees concerning any matter released in Paragraph 3. Further, Plaintiff waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims released pursuant to Paragraph 3 of this Agreement are asserted against the Releasees involving any act or event occurring from the first day of the world through the date of his signing of this Agreement.

5. **Claims Excluded from the Agreement**: Nothing in this Agreement shall prohibit Plaintiff from filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the United States Securities and Exchange Commission, or any other federal, state, or local agency charged with the enforcement of any laws. Further, nothing in the Agreement shall be construed to interfere with: (a) the ability of any federal, state or local

government agency to investigate any such charge or complaint, (b) Plaintiff's ability to communicate voluntarily with any such agency, or (c) Plaintiff's ability to provide truthful testimony in any court, administrative, arbitration or other proceeding. Notwithstanding the foregoing, Plaintiff waives any and all rights to recover monetary damages or other individual relief or recovery in any charge, complaint, or lawsuit filed by him or by anyone else on his behalf based on events occurring prior to the date he executes this Agreement, except for any right he may have to receive a payment from a government agency (and not Defendants, or any of the Releasees) for information provided to the government agency, and except where such a waiver is prohibited by law. Plaintiff further understands that this Agreement does not release any claim that this Agreement has been breached.

6. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**: The parties intend for the Plaintiff to release any and all wage and hour claims he may have against the Defendants, including claims under the FLSA and NYLL, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the parties agree to file a Joint Letter Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the parties agree to immediately execute the "Stipulation and Order of Dismissal with Prejudice," in the form annexed hereto as Exhibit 2, which will be submitted to the Court along with the Joint Letter Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made to Plaintiff or Plaintiff's Counsel of Record in the Action pursuant to Paragraph 1 of the Agreement.

7. **Taxes and Withholding**: Plaintiff agrees that he has not relied on any advice from Defendants or any of their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, and that this Agreement is not intended nor does it purport to give Plaintiff advice or counseling concerning federal, state, or local tax responsibilities or liabilities. If, for any reason, it is determined by any federal, state, or local taxing authority that any portion of the Settlement Amount should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest, and penalties assessed in connection with the portion paid to him or his attorney on his behalf pursuant to Paragraph 1, and shall protect, indemnify, and hold harmless any or all of the Defendants from any withholding or tax payment claims, demands, levies, assessments, executions, judgments, recoveries, interest, and penalties made or assessed against Defendants or paid by Defendants with respect to the payment of any such taxes for the payments pursuant to Paragraph 1.

8. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to

deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 1, is a fair and reasonable resolution to this *bona fide* dispute.

10. **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the parties (or authorized representative of such party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

11. **No Other Complaints or Charges**: Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this Action relating to his employment with Zutto or alleged employment by Defendants.

12. **Neutral Reference**: In the event that Defendants receive a request for a reference, Defendants will respond that it is the Company's policy to provide only Plaintiff's title and dates of employment and not any other additional information.

13. **Severability**: The parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

15. **Jurisdiction**: The parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

16. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not hypothecated, assigned, or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17. **Voluntary Agreement**:  Plaintiff represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

18. **Full and Complete Agreement**:  This Agreement, together with its Exhibits 1, 2, and 3, each of which are incorporated herein by reference, constitutes the full and complete agreement between the parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

19. **Waiver**:  No provision herein may be waived unless in writing and signed by the party or parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any party shall not be deemed a waiver of any subsequent or prior breach.

20. **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted it.

21. **Counterparts**:  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it and all of which taken together shall constitute one and the same document. A copy, including by facsimile or e-mail, of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

22. **Headings**:  The headings in this Agreement are for the convenience of the parties and are not intended to modify any of the terms of this Agreement.

23. **Notices**:  All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), e-mail, or overnight mail to the address of Defendants' Counsel of Record in the Action or Plaintiff's Counsel of Record in the Action, respectively, as follows:

Defendants' Counsel:

    William H. Ng, Esq.
    Littler Mendelson, P.C.
    290 Broadhollow Road, Suite 305
    Melville, NY 11747
    (631) 247-4700
    wng@littler.com

 Plaintiff's Counsel:

    John Howley, Esq.
    The Howley Law Firm, P.C.
    350 Fifth Ave., 59th Floor,
    New York, NY 10118.
    (212) 601-2728
    jhowley@johnhowleyesq.com

  Either party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

  24. **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

  **BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**UNDERSTOOD AND AGREED:**

**Joel Yulo**
By: *[signature: joelyulo]*
Dated: 4/26/20

**Metz Zutto Ramen Inc. d/b/a Zutto Japanese American Pub**
By: _____
Dated: _____

**German H. Metz**

_____

Dated: _____

7

William H. Ng, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
wng@littler.com

Plaintiff's Counsel:

John Howley, Esq.
The Howley Law Firm, P.C.
350 Fifth Ave., 59th Floor,
New York, NY 10118.
(212) 601-2728
jhowley@johnhowleyesq.com

Either party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

24. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.

UNDERSTOOD AND AGREED:

**Joel Yulo**
By:_____
Dated:_____

**Metz Zutto Ramen Inc. d/b/a Zutto Japanese American Pub**
By: _German Metz_____
Dated:____04/22/2020_____

**German H. Metz**
_[signature]_____
Dated:____04/22/2020_____

7

# EXHIBIT 1

| **Payment No.** | **Amount** | **Payment Date** |
|---|---|---|
| 1 (initial installment settlement payment) | One Thousand Nine Hundred and Four Dollars and Thirteen Cents ($1,904.13) payable as follows: One Thousand Two Hundred Seventy-Eight Dollars and Ten Cents ($1,278.10) less applicable withholdings and deductions payable to "Joel Yulo"; and Six Hundred Twenty-Six Dollars and Three Cents ($626.03) payable to "John Howley, Esq." | Will be made within thirty (30) days of the occurrence of the last in time of the following events: (i) receipt by counsel for Defendants of an original of this Agreement executed by Plaintiff; (ii) receipt by counsel for Defendants from Plaintiff of completed IRS Forms W-4 and W-9, together with a completed IRS Form W-9 from Plaintiff's counsel, John Howley, Esq.; (iii) the Court's endorsement of the "Stipulation and Order of Dismissal with Prejudice" or otherwise the Court's approval of this Agreement; and (iv) the Court's dismissal of the Action with prejudice or direction to the Clerk of the Court to close the Action. |
| 2 | One Thousand Nine Hundred and Four Dollars and Thirteen Cents ($1,904.13) payable as follows: One Thousand Two Hundred Seventy-Eight Dollars and Ten Cents ($1,278.10) payable to "Joel Yulo"; and Six Hundred Twenty-Six Dollars and Three Cents ($626.03) payable to "John Howley, Esq." | Will be made on or before the date that is thirty (30) days after the deadline for delivery or couriering of the initial installment settlement payment. |

9

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL YULO,<br><br>　　　　　　Plaintiff,<br><br>　　-against-<br><br>METZ ZUTTO RAMEN INC. d/b/a Zutto Japanese American Pub, GERMAN H. METZ, YVONNE METZ, and LEO DOE,<br><br>　　　　　　Defendants. | Case No. 1:19-CV-10290 (VEC)<br><br>**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

　　(a)　the parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

　　(b)　the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, New York Labor Law, New York State Human Rights Law, and the New York City Human Rights Law, are dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement or otherwise agreed to between the parties; and

　　(c)　the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

Dated: __4/6__, 2020

THE HOWLEY LAW FIRM, P.C.

_____
By: John Howley, Esq.
350 Fifth Ave., 59th Floor,
New York, NY 10118.
(212) 601-2728
jhowley@johnhowleyesq.com
*Attorneys for Plaintiff*

Dated: __04/06__, 2020

LITTLER MENDELSON, P.C.

*William Ng*
_____
By: William H. Ng, Esq.
290 Broadhollow Road, Ste 305
Melville, New York 11747
(631) 247-4700
WNg@littler.com
*Attorneys for Defendants*

SO ORDERED:

_____

11