## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Joel Yulo, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff"), on the one hand, and Metz Zutto Ramen Inc. d/b/a Zutto Japanese American Pub (hereinafter referred to as "Zutto" or the "Company") and German H. Metz (hereinafter referred to as "Defendant Metz"), on the other hand.

**WHEREAS**, on or about November 5, 2019, Plaintiff commenced an action (the "Action") against the Defendants in the United States District Court for the Southern District of New York, Civil Action Case No. 19-CV-10290 (VEC), alleging, among other things, that Zutto, German H. Metz, Yiluan Yin (sued incorrectly as "Yvonne Metz"), and Leo Lai (sued incorrectly as "Leo Doe") (collectively referred to the "Defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime and provide statutory notices, and violated the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHR") by engaging in age discrimination;

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendants and the Plaintiff desire to resolve disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound and incorporating the above recitals, and for good and valuable consideration, the sufficiency and receipt of which the parties acknowledge, the parties agree as follows:

1. **Consideration**: In full settlement and final satisfaction of any and all claims, except those arising under the FLSA and NYLL, that Plaintiff had, has or may have against the Defendants, including, but not limited to, those NYSHRL and NYCHRL claims raised in the Action, and in consideration for the promises and obligations set forth herein, including, but not limited to, the release by Plaintiff set forth in Paragraph 3, provided that Plaintiff accepts and does not timely revoke this Agreement in accordance with Paragraph 12 of this Agreement, Zutto and Defendant Metz shall pay to Plaintiff and his counsel the total sum of Twelve Thousand One Hundred Ninety-One Dollars and Seventy-Four Cents ($12,191.74) (hereinafter, the "Settlement Amount") as follows:

    a. **Settlement Payment.**

        (i) Zutto and Defendant Metz will issue payments made payable to "Joel Yulo" in the total amount of One Thousand Seventy-Eight Dollars and Ten Cents ($1,278.10), less applicable tax withholdings and deductions required by law, representing payment for any and all alleged back pay or front pay damages, for which Zutto will issue him an IRS Form W-2;

(ii) Zutto and Defendant Metz will issue payments made payable to "Joel Yulo" in the total amount of Six Thousand Three Hundred and Ninety Dollars and Forty-Nine Cents ($6,390.49), from which no taxes or deductions will be withheld, representing payment for alleged emotional distress, penalties and prejudgment interest, for which Zutto will issue an IRS Form 1099-MISC; and

(iii) Zutto and Defendant Metz will issue payments made payable to "John Howley, Esq." in the amount of Four Thousand Five Hundred Twenty-Three Dollars and Fifteen Cents ($4,523.15), from which no taxes or deductions will be withheld, representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by The Howley Law Firm P.C. and/or any other law firm or attorney, for which Zutto will issue IRS Forms 1099.

(b) **Execution of Agreement and Stipulation and Order of Dismissal**:

(i) The initial installment settlement payment set forth in Exhibit 1 will be made within fifteen (15) days of the occurrence of the last in time of the following events: (i) receipt by counsel for Defendants of an original of this Agreement executed by Plaintiff and an original of the "Settlement Agreement and Release," provided under separate cover to Plaintiff; (ii) receipt by counsel for Defendants from Plaintiff of completed IRS Forms W-4 and W-9, together with a completed IRS Form W-9 from Plaintiff's counsel, John Howley, Esq.; (iii) the Court's endorsement of a "Stipulation and Order of Dismissal with Prejudice" or otherwise either (a) the Court's dismissal of the Action with prejudice or (b) direction to the Clerk of the Court to close the Action; and (iv) expiration, or waiver by Plaintiff, of the twenty-one (21) day review period and expiration of the seven (7) day revocation period provided for in Paragraph 12 without any timely revocation being exercised pursuant to Paragraph 12 of this Agreement. All of the aforementioned occurrences are express, material conditions precedent to payment of the Settlement Amount to Plaintiff, and all must take place prior to the payment of the Settlement Amount to Plaintiff. No payment of the Settlement Amount shall be paid absent satisfaction of these conditions precedent.

(ii) Zutto and Defendant Metz will make a second installment payment as set forth in Exhibit 1 after the first installment settlement payment has been made.

(iii) All settlement payments set forth in Exhibit 1 shall be delivered or couriered to Plaintiff's Counsel of Record in the Action, John Howley, Esq., The Howley Law Firm, P.C., 350 Fifth Ave., 59th Floor, New York, NY 10118.

(iv) Plaintiff agrees and affirms that the Settlement Amount described in Paragraph 1 is an amount in addition to anything of value to which Plaintiff already is entitled, and is good and valuable consideration for his acceptance of this Agreement.

(c) **Delivery of Settlement Payments To Plaintiff and His Counsel**:

(i) As set forth in Exhibit 1, the initial installment settlement payment will be delivered or couriered to Plaintiff's Counsel of Record in the Action. Following the initial installment settlement payment, Defendants shall make one (1) further installment payment as set forth in Exhibit 1 (for a total of two (2) payments altogether).

2. **Full Payment**: Plaintiff agrees and affirms that the Settlement Amount described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel in connection with the NYSHRL and NYCHRL claims in the Action. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law and violations of any wage notice statutes. Plaintiff agrees that the Settlement Amount is inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3. **Release of Claims by Plaintiff:**

(a) In exchange for the payment of the Settlement Amount, as set forth in Paragraph 1, Plaintiff, on behalf of himself, his present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, lienholders, and any otherwise affiliated or related persons or entities, knowingly and voluntarily relinquishes, releases, and forever discharges Zutto, together with its current and former parents, subsidiaries, divisions, joint ventures, partnerships and/or affiliated entities, predecessors, successors and assigns, donors, and sponsors and all of its present and/or former officers, directors, managers, supervisors, employees, shareholders, agents, representatives (including, but not limited to, German H. Metz, Yiluan Yin a/k/a "Yvonne Metz," and Leo Lai a/k/a "Leo Doe"), professional employer organizations, insurers and reinsurers, attorneys (including, but not limited to, the attorneys of Littler Mendelson P.C.), and employee benefit or pension plans or funds (and the trustees, administrators, fiduciaries and insurers of such plans or programs) (any individually a "Releasee," and, collectively, the "Releasees"), of and from any claim, debt, demand, damage, duty, obligation, contract, promise, liability, judgment, or cause of action that may be waived by private agreement, relating to any matter of any kind, whether presently known or unknown, suspected or unsuspected, that Plaintiff may possess arising from any omissions, acts, or facts that have occurred from the beginning of the world up until and including the date Plaintiff executes this Agreement, subject to subparts (b), (c), and (d) below. Plaintiff expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, against Zutto, and/or any of the other Releasees, individually and collectively, based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of his execution of this Agreement. Plaintiff agrees that any person acting by, through or under him, such as his spouse, heirs, executors, administrators, representatives, and assigns, are also bound by his release of claims. Plaintiff agrees that he is releasing the claims set forth in this Paragraph, whether or not they are known to him at the time he signs this Agreement. This General Release of Claims includes, but is not limited to:

(i) any and all claims relating to or arising from Defendants' employment of Plaintiff;

(ii) any and all claims under the law of any jurisdiction, including, but not limited to, wrongful denial of hiring or employment, wrongful discharge from employment; constructive discharge from employment; termination in violation of public policy; discrimination; harassment; retaliation; breach of contract, both express and implied, written or unwritten; breach of a covenant of good faith and fair dealing, both express and implied; promissory estoppel;

negligent or intentional infliction of emotional distress; negligent, fraudulent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; personal injury; assault; battery; invasion of privacy; false imprisonment; conversion; and any other tort or violation of common law and any claims in equity;

(iii) any and all claims for violation of any federal, state, or local statute, including, but not limited to, the Sarbanes-Oxley Act of 2002, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Older Worker Benefit Protection Act, the Pregnancy Discrimination Act, the Equal Pay Act, the Family and Medical Leave Act, the Occupational Safety and Health Act, the Immigration Reform and Control Act; the Employee Retirement Income Security Act, the Americans with Disabilities Act, Sections 1981 through 1988 of Title 42 of the United States Code, the National Labor Relations Act, the federal and New York State False Claims Acts, the Genetic Information and Nondiscrimination Act, the Fair Credit Reporting Act, the New York State Human Rights Law, the New York State Executive Law, the New York State Constitution, the New York City Human Rights Law, and the New York City Administrative Code, together with their respective implementing regulations and orders, all as may have been amended, or any other law, ordinance, regulation, or order regulating or governing employment;

(iv) any and all claims for violation of the federal or any state constitution;

(v) any claim for any loss, cost, damage, or expense arising out of any dispute over the non-withholding or other tax treatment of any of the proceeds received by Plaintiff as a result of this Agreement; and

(vi) any and all claims for relief of any kind, including, but not limited to, claims for back pay, front pay, compensatory or punitive damages, reinstatement or other equitable relief, injunctive or declaratory relief, attorneys' fees, costs, disbursements, and/or the like.

(b) Expressly excluded from the General Release of Claims set forth in Paragraph 3(a) above and the covenant not to sue in Paragraph 4 below is any release or covenant related to claims arising under the FLSA and the NYLL, as amended, as against Defendants or any Releasees. The parties acknowledge the release of claims arising under the FLSA and NYLL and a covenant not to sue regarding such claims arising under the FLSA and NYLL, as amended, as against Defendants or any Releasees, shall separately serve as part of the consideration for the "Settlement and Release Agreement."

(c) Nothing in this Agreement shall prohibit Plaintiff from filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the United States Securities and Exchange Commission, or any other federal, state, or local agency charged with the enforcement of any laws. Further, nothing in the Agreement shall be construed to interfere with: (i) the ability of any federal, state or local government agency to investigate any such charge or complaint, (ii) Plaintiff's ability to communicate voluntarily with any such agency, or () Plaintiff's ability to provide truthful testimony in any court, administrative, arbitration or other proceeding. Notwithstanding the foregoing, Plaintiff waives any and all rights to recover monetary damages or

4

other individual relief or recovery in any charge, complaint, or lawsuit filed by him or by anyone else on his behalf based on events occurring prior to the date he executes this Agreement, except for any right he may have to receive a payment from a government agency (and not Defendants, or any of the Releasees) for information provided to the government agency, and except where such a waiver is prohibited by law.

(d) Plaintiff is not waiving any claims or rights: (i) that may arise after the date he signs this Agreement; (ii) for breach of this Agreement; (iii) for vested rights under any ERISA-covered employee benefit plans applicable to him on the date he signs this Agreement; (iv) for benefits under the Consolidated Omnibus Budget Reconciliation Act (COBRA); or (v) any claims that controlling law clearly states may not be released by private settlement, including, but not limited to, claims for worker's compensation benefits for job-related illness or injury or for unemployment insurance.

4. **Covenant Not to Sue**: Except as provided in Paragraph 3(c) of this Agreement, Plaintiff covenants and agrees not to file a lawsuit or commence any other legal proceeding against the Releasees concerning any matter released in Paragraph 3. Further, Plaintiff waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims released pursuant to Paragraph 3 of this Agreement are asserted against the Releasees involving any act or event occurring from the first day of the world through the date of his signing of this Agreement. If Plaintiff breaches this Paragraph 4 and pursues a claim that have been released in Paragraph 3 against the Releasees, he understands and authorizes the entire Settlement Amount paid to him under this Agreement shall be a setoff defense to any recovery obtained for such claim, in addition to any other or further rights, remedies, or defenses that shall be available to Defendants or the Releasees.

5. **Taxes and Withholding**: Plaintiff agrees that he has not relied on any advice from Defendants or any of their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, and that this Agreement is not intended nor does it purport to give Plaintiff advice or counseling concerning federal, state, or local tax responsibilities or liabilities. If, for any reason, it is determined by any federal, state, or local taxing authority that any portion of the Settlement Amount should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest, and penalties assessed in connection with the portion paid to him or his attorney on his behalf pursuant to Paragraph 1, and shall protect, indemnify, and hold harmless any or all of the Defendants from any withholding or tax payment claims, demands, levies, assessments, executions, judgments, recoveries, interest, and penalties made or assessed against Defendants or paid by Defendants with respect to the payment of any such taxes for the payments pursuant to Paragraph 1.

6. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

7. **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the parties (or authorized representative of such party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

8. **No Other Complaints or Charges**: Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in the Action relating to his employment with Zutto or alleged employment by Defendants.

9. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

10. **No Future Association**: Plaintiff shall not, at any time in the future, seek or accept employment by Zutto, whether as an employee, temporary employee, or independent contractor, and Plaintiff further agrees that any application made by him may be rejected on account of this Agreement without any liability to Defendants or the Releasee. Further, Plaintiff acknowledges that if he is hired, mistakenly or not, by an employee of Defendants who does not have actual knowledge of this Agreement, then in accordance with the intent of this Agreement, Plaintiff's employment may be immediately terminated on account of this Agreement, without liability for the hiring or termination decision and without any right of Plaintiff to severance compensation or any other separation-related compensation in connection with his termination.

11. **Breach of Agreement**: Breach of Paragraphs 1 ("Consideration") and 4 ("Covenant Not to Sue") of this Agreement shall be deemed a material breach. In the event of any such breach or threatened breach, or other material breach or threatened material breach, by any party, as determined by a court of competent jurisdiction, the non-breaching party shall be entitled to recover damages. The waiver by any party of a breach of any provision of this Agreement shall not operate as or be construed as a waiver of any subsequent breach by any party.

12. **Review and Revocation Rights**:

(a)     Plaintiff understands that he has been provided with at least twenty-one (21) calendar days to consider this Agreement before signing, and has been expressly encouraged, and hereby is encouraged in writing, to consult an attorney of his choosing regarding the Agreement before signing it. Plaintiff fully understands his right to consult an attorney regarding his rights and obligations hereunder, including his releases under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. Plaintiff may sign and return this Agreement before the expiration of the 21 calendar day period, thereby waiving Plaintiff's right to the balance of the 21-day period. Plaintiff acknowledges that, to the extent that Employee decides to execute this Agreement prior to the expiration of the 21-day period, such decision was knowing and voluntary on the Plaintiff's part.  Any changes to this Agreement, material or immaterial, do not extend the 21-day period

(b) Plaintiff shall have seven (7) days following his execution of this Agreement it (the "Revocation Period"), and may do so by providing notice of his desire to revoke, in writing, by e-mail to Mr. William Ng at wng@littler.com so as to be received by Mr. Ng no later than the seventh day following Plaintiff's execution of this Agreement. If timely revoked by Plaintiff in compliance with this Paragraph, this Agreement shall be rendered null and void in all respects and Plaintiff shall not receive any benefits hereunder, including, but not limited to, the Settlement Amount set forth in this Agreement.

13. **Neutral Reference**: In the event that Defendants receive a written request for a reference, Defendants will respond that it is the Company's policy to provide only Plaintiff's title and dates of employment and not any other additional information.

14. **Severability**: The parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

16. **Jurisdiction**: The parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

17. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not hypothecated, assigned, or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18. **Voluntary Agreement**: Plaintiff represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

7

(d)     He was advised and hereby is advised to consider the terms of this Agreement carefully and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19.     **Full and Complete Agreement**: This Agreement, together with its Exhibit 1, is incorporated herein by reference, constitutes the full and complete agreement between the parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

20.     **Waiver**: No provision herein may be waived unless in writing and signed by the party or parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any party shall not be deemed a waiver of any subsequent or prior breach.

21.     **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted it.

22.     **Counterparts**: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it and all of which taken together shall constitute one and the same document. A copy, including by facsimile or e-mail, of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

23.     **Headings**: The headings in this Agreement are for the convenience of the parties and are not intended to modify any of the terms of this Agreement.

24.     **Notices**: Except as may be otherwise set forth in any provision of this Agreement, all notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), e-mail, or overnight mail to the address of Defendants' Counsel of Record in the Action or Plaintiff's Counsel of Record in the Action, respectively, as follows:

Defendants' Counsel:

>William H. Ng, Esq.
>Littler Mendelson, P.C.
>290 Broadhollow Road, Suite 305
>Melville, NY 11747
>(631) 247-4700
>wng@littler.com

Plaintiff's Counsel:

>John Howley, Esq.
>The Howley Law Firm, P.C.
>350 Fifth Ave., 59th Floor,
>New York, NY 10118

(212) 601-2728
jhowley@johnhowleyesq.com

Either party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**UNDERSTOOD AND AGREED:**

**Joel Yulo**

By: *[signature: joelyulo]*

Dated: 4/22/20

**Metz Zutto Ramen Inc. d/b/a Zutto Japanese American Pub**

By: _____

Dated: _____

**German H. Metz**

By: _____

Dated: _____

(212) 601-2728
jhowley@johnhowleyesq.com

Either party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.

UNDERSTOOD AND AGREED:

**Joel Yulo**

By:_____

Dated:_____

**Metz Zutto Ramen Inc. d/b/a Zutto Japanese American Pub**

By: *[signature]*

Dated: 04/22/2020

**German H. Metz**

By: *[signature]*

Dated: 04/22/2020

9

# **EXHIBIT 1**

| Payment No. | Amount | Payment Date |
|---|---|---|
| 1 (initial installment settlement payment) | Six Thousand Ninety-Five Dollars and Eighty-Seven Cents ($6,095.87) payable as follows: One Thousand Two Hundred Seventy-Eight Dollars and Ten Cents ($1,278.10) less applicable tax withholdings and deductions payable to "Joel Yulo"; Two Hundred Ninety-Four Dollars and Sixty-One Cents ($294.61) payable to "Joel Yulo"; and Four Thousand Five Hundred and Twenty Three Dollars and Fifteen Cents ($4,523.15) payable to "John Howley, Esq." | Will be made within thirty (30) days of the occurrence of the last in time of the following events: (i) receipt by counsel for Defendants of an original of this Agreement executed by Plaintiff and an original of the "Settlement Agreement and Release," provided under separate cover to Plaintiff; (ii) receipt by counsel for Defendants from Plaintiff of completed IRS Forms W-4 and W-9, together with a completed IRS Form W-9 from Plaintiff's counsel, John Howley, Esq.; (iii) the Court's endorsement of a "Stipulation and Order of Dismissal with Prejudice" or otherwise either (a) the Court's dismissal of the Action with prejudice or (b) direction to the Clerk of the Court to close the Action; and (iv) expiration, or waiver by Plaintiff, of the twenty-one (21) day review period and expiration of the seven (7) day revocation period provided for in Paragraph 12 without any timely revocation being exercised pursuant to Paragraph 12 of this Agreement.. |
| 2 | Six Thousand Ninety-Five Dollars and Eighty-Eight Cents ($6,095.88) payable to "Joel Yulo." | Will be made on or before the date that is thirty (30) days after the deadline for delivery or couriering of the initial installment settlement payment. |